IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GFSI, INC.,

          Plaintiff,

v.                                  Case No. 05-2302-KHV-DJW

J-LOONG TRADING, LTD.,

          Defendant.

**MEMORANDUM AND ORDER**

A second telephone hearing was held in this matter on April 14, 2006 to again discuss Defendant's Motion for Protective Order (doc. 18). Plaintiff appeared through counsel Robert Hoffman and Defendant appeared through counsel Samuel Logan. This Memorandum and Order will memorialize the Court's oral ruling on the Motion for Protective Order.

Defendant seeks protection from that portion of a Fed. R. Civ. P. 30(b)(6) deposition notice issued by Plaintiff designating Kansas City, Missouri in the United States as the location for the deposition. Plaintiff is in the business of selling clothing. Defendant, a company with its principal place of business in Hong Kong, is in the business of manufacturing clothing. Plaintiff filed its petition in the District Court of Johnson County, Kansas, asserting a claim against Defendant for money damages under Section 2-711 of the Uniform Commercial Code and K.S.A. 84-2-2711 *et seq*. More specifically, the petition alleges Defendant supplied defective and non-conforming goods to Plaintiff. On the basis of diversity jurisdiction, Defendant removed the case to the District of Kansas and lodged a counterclaim seeking the price of goods delivered to Plaintiff.

On January 19, 2006, Plaintiff's counsel requested Defendant produce for deposition in Kansas City, Missouri one or more corporate representatives to testify regarding twenty-three topics. Defendant maintains that it will be necessary to designate at least two corporate representatives to address the topics identified in the deposition notice. Defendant states that it was willing to produce these two corporate representatives to testify about the topics listed, but that the depositions would need to take place in Hong Kong, where the corporate representatives reside. The parties were not able to resolve the dispute and, on February 22, 2006, Plaintiff ultimately served the referenced Notice of Deposition designating the location of the deposition as Kansas City, Missouri. As a result, Defendant filed this Motion for Protective Order.

"[T]here is an initial presumption that a defendant should be examined at his residence or the principal place of business."[1] With that said, any initial presumption can be overcome by a showing that factors of cost, convenience, and efficiency weigh in favor of a different location. Under the particular circumstances presented in this case, the Court finds that Plaintiff sufficiently has overcome the presumption by showing that factors of cost, convenience and efficiency weigh in favor of holding the deposition in Kansas City, Missouri. Although the Court has taken into consideration the cost of travel and accommodations, the Court finds these costs will be incurred regardless of whether company representatives travel from Hong Kong to Kansas City or whether attorneys for Plaintiff and Defendant travel from Kansas City to Hong Kong. If the attorneys for Plaintiff and Defendant are required to travel from Kansas City to Hong Kong, however, both parties will incur an additional hourly expense in the form of costly attorney fees for the considerable amount of time it takes to travel back and forth to Hong Kong. There have been estimates that the

---

[1] *Starlight Int'l., Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999).

travel to and from Hong Kong could take as long as 24 hours each way; thus, such travel could result in up to an additional 48 hours of billable attorney time for each side if counsel is required to go to Hong Kong. Obviously, such attorneys' fees for travel time are costs that would not be incurred if the corporate representative witnesses travel to Kansas City.

Thus, pursuant to Fed. R. Civ. P. 26(c) and the particular circumstances presented, the Court finds that factors of cost, convenience and efficiency weigh in favor of holding the deposition in Kansas City, Missouri. Accordingly, it is hereby ordered that Defendant's Motion for Protective Order (doc. 18) is denied. With that said, the Court further orders that the parties shall equally bear any cost incurred by Defendant in bringing its corporate representatives to Kansas City, Missouri. If the parties are unable to come to an agreement regarding the method or amount of this payment, they shall file the appropriate motion with the Court for such a determination.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of April, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties