# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GFSI, INC.,                                    )
                                               )
                    Plaintiff,                 )           CIVIL ACTION
                                               )
v.                                             )           No. 05-2302-KHV
                                               )
J-LOONG TRADING, LTD.,                         )
                                               )
                    Defendant.                 )
_____)

## MEMORANDUM AND ORDER

GFSI, Inc. ("GFSI") filed suit against J-Loong Trading, Ltd. ("J-Loong") for money damages under Section 2-711 of the Kansas Uniform Commercial Code, K.S.A. § 84-2-711, alleging that J-Loong supplied defective and non-conforming goods. J-Loong asserts a counterclaim for the price of other goods delivered to GFSI. This matter is before the Court on <u>Defendant's Motion For Summary Judgment On Defendant's Counterclaim And For Certification Of Judgment Pursuant To Fed. R. Civ. P. 54(b)</u> (Doc. #50) filed August 31, 2006. For reasons stated below, the Court sustains defendant's motion for summary judgment, but denies defendant's motion for certification under Rule 54(b).

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>accord</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Vitkus v. Beatrice Co.</u>, 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."

Anderson, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party may not rest on his pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.  Anderson, 477 U.S. at 250-51.  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

### Factual Background

The following material facts are uncontroverted, deemed admitted or, where disputed, viewed in the

light most favorable to plaintiff, the non-movant.[1]

GFSI is a Delaware corporation, with its principal offices in Lenexa, Kansas. J-Loong is a limited company formed under the law of Hong Kong, a Special Administrative Region of the People's Republic of China (PRC) having its principal place of business in Kowloon, Hong Kong, PRC.

GFSI is a clothing supplier which imports and sells branded active sports and leisure wear. Its brands include the federally registered "Gear for Sports" trademark. During 2004 and early 2005, GFSI gave J-Loong a number of purchase orders for garments to be manufactured in various factories in Asia. Before it placed any orders, GFSI provided J-Loong a Requirements Manual which set forth GFSI quality control standards and other requirements for the garments. J-Loong agreed to provide the goods according to the Requirements Manual and purchase orders. GFSI issued a number of purchase orders to J-Loong and a series of letters of credit to effectuate payment for these orders. After GFSI issued a purchase order for specified garments, J-Loong and its factories in Asia would manufacture and deliver the requested garments to a shipper specified by GFSI in the country where the garments were made.

As garments were delivered, GFSI discovered that some polo shirts and fleece jackets were defective and otherwise nonconforming. GFSI notified J-Loong of the defects and its intent to deduct its damages from amounts due J-Loong on other invoices. Beginning in October of 2004, GFSI issued a series of debit memos to J-Loong to effectuate set-off of damages.[2]

---

[1]     The Court does not consider facts which the record does not support.

[2]     The debit memos involve set-off damages for orders other than those at issue in J-Loong's counterclaims. J-Loong refused to recognize the validity of GFSI charge backs, and GFSI refused to pay J-Loong the invoices which are the subject of its counterclaim.

J-Loong asserts a counterclaim for the price of non-defective goods delivered to GFSI.  As to these garments, GFSI has acknowledged receipt and it has no quality issues with them.  After receiving the garments in the United States, GFSI did not reject them for quality issues or any other reason.  The invoices at issue in J-Loong's counterclaims, which total $426,777.30, do not set forth specific payment terms such as payment due date.  "[A]ccording to J-Loong's payment terms with GFSI, payment was due to J-Loong thirty (30) days after the invoice date set forth on the invoice or according to L/C terms, at sight."  Declaration Of Michael Lam ¶ 7, attached as Exhibit 1 to Defendant's Memorandum (Doc. #51).  Before any potential set offs due to defects in other garments and before any prejudgment interest, GFSI owes J-Loong $426,777.30.

<u>Analysis</u>

I.      **GFSI's Liability On Counterclaim**

J-Loong asserts a counterclaim for the price of non-defective goods delivered to GFSI.  J-Loong argues that it is entitled to summary judgment on its counterclaim because the debit memos for GFSI charge backs did not involve the garments which are the subject of its counterclaim.  GFSI maintains that a single contract, the Requirements Manual, governed the parties' business relationship, and that it therefore could lawfully set off the amount of the defective garments against the amount due on the garments which are subject to J-Loong's counterclaim.

The Kansas Uniform Commercial Code (Kansas UCC) provides that "[t]he buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."  K.S.A. § 84-2-717.  The official comment to the same UCC provision states that "[t]o bring this provision into application the breach involved must be of the same contract under which the price in question is claimed to have been earned."  Official

4

Comment to UCC § 2-717, Purposes, 1.  Here, the Court must ascertain whether the parties had a single contract, the Requirements Manual, or a series of contracts evidenced by each purchase order and accompanying invoice.

The Requirements Manual is a background document which is designed to help the vendor service GFSI needs and be certain of its expectations.  See Requirements Manual at JL0113, attached as Exhibit 2 to Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #53).  The Requirements Manual is intended to simply "lay the foundation for the development of a strong working relationship" between the vendor and GFSI.  Id.  The Requirements Manual sets forth general terms for GFSI purchases from vendors such as J-Loong, but it does not provide specific price or quantity terms.  In addition, neither party has signed the Requirements Manual.[3]  The Requirements Manual contemplates that GFSI purchase orders, after confirmation by J-Loong, constitute the contract.  In particular, the Requirements Manual states that "[o]nce the vendor has confirmed the order, this [purchase order] becomes a binding agreement and the vendor implicitly agrees to meet all details of the purchase order and produce the product exactly according to the Tech Pack [which GFSI provides]."  Id. at 1-10.  Based on the general terms of the Requirements Manual and absent price or quantity terms and the signatures of the parties, each purchase order (after acceptance by J-Loong) constituted a separate and distinct contract.  See All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 840 F. Supp. 1433, 1441 (D. Kan. 1993) (plaintiff cannot set off admitted debt for products purchased against damages for breach of distributorship agreement which set forth

---

[3]       The Requirements Manual does include a blank "Vendor Confirmation Form," but J-Loong did not complete it.  See id. at 2-5.  In any event, J-Loong's acknowledgment of the terms of the Requirements Manual would not constitute a binding installment contract.

only general terms for purchases and did not include price, quantity or credit terms); see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 7 F. Supp.2d 954, 960 (N.D. Ohio 1998) (despite general agreement on performance specifications and warranty, absent quantity term, parties did not have single requirements contract; each shipment of product constituted separate contract).[4]

Because each purchase order and its corresponding invoice constituted a separate contract, GFSI could not lawfully set off the cost of the defective garments against the amount due on garments from separate purchase orders.  The Court therefore sustains defendant's motion for summary judgment as to plaintiff's liability on defendant's counterclaim.

## II.   Prejudgment Interest

J-Loong argues that it is entitled to prejudgment interest on its counterclaim judgment under K.S.A. § 16-201 or K.S.A. § 84-2-709.  GFSI denies that J-Loong is entitled to prejudgment interest under K.S.A. § 16-201 and claims that the amount due J-Loong is not liquidated under either statute.

Under Kansas law, "[c]reditors shall be allowed to receive interest at the rate of ten percent per annum, when no other rate of interest is agreed upon, for any money after it becomes due; . . .; for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts."  K.S.A. § 16-201.[5]

---

[4]      GFSI argues that the series of purchase orders under the Requirements Manual constitutes a single installment contract.  An "installment contract" is defined as a contract "which requires or authorizes the delivery of goods in separate lots to be separately accepted, even though the contract contains a clause 'each delivery is a separate contract' or its equivalent."  K.S.A. § 84-2-612.  As explained above, the Requirements Manual is not a contract because it does not contain any specific price or quantity terms, and it is not signed by either party.  Accordingly, GFSI's reliance on Sencon Sys., Inc. v. W.R. Bonsal Co., No. 85 C 8250, 1986 WL 10989, at *1-2 (N.D. Ill. Sept. 29, 1986), where the parties had an underlying sales agreement, is misplaced.

[5]      GFSI argues that J-Loong has presented no evidence that its failure to pay was unreasonable (continued...)

6

In addition, when a buyer of personal property fails to pay the agreed price when due, the seller may recover the agreed price of the goods with interest from the date payment was due until the proper amount is actually tendered by the buyer. Desbian v. Penokee Farmers Union Coop. Ass'n, 220 Kan. 358, 367, 552 P.2d 917, 925 (1976) (citing K.S.A. § 84-2-709); see also Sobiech v. Int'l Staple & Mach. Co., Inc., 867 F.2d 778, 781 (2d Cir. 1989) (under UCC § 2-709, prejudgment interest awarded as incidental damages to make seller whole for buyer's delay in payment). But see Firwood Mfg. Co., Inc. v. Gen. Tire, Inc., 96 F.3d 163, 172 (6th Cir. 1996) (characterizing prejudgment interest as consequential, not incidental, damages). GFSI argues that J-Loong is not entitled to prejudgment interest because the amount due on its invoices was not certain or liquidated. Specifically, GFSI argues that J-Loong's claim was not liquidated because (1) the parties disagree whether GFSI had a statutory right to set off its damages; and (2) the due date for the invoices is a disputed fact.

A claim becomes liquidated when the amount due and the date due are fixed and certain or when both become definitely ascertainable by mathematical computation. See Plains Res., Inc. v. Gable, 235 Kan. 580, 583, 682 P.2d 653, 657 (1984). As explained above, GFSI did not have a statutory right to set off its

---

[5](...continued)
or vexatious. GFSI does not explain how it is reasonable to issue debit memos on invoices which involve non-defective garments which it accepted. As explained above, GFSI's attempt to do so is not permitted under Kansas law. Even if GFSI had a good faith belief that it had the right to such set-off damages, such a belief does not preclude an award of prejudgment interest. See Crawford v. Prudential Life Ins. Co. of Am., 245 Kan. 724, 737, 783 P.2d 900, 909-10 (1989) (fact that good faith controversy existed did not preclude award of prejudgment interest where sum was liquidated); Royal Coll. Shop, Inc. v. N. Ins. Co. of N.Y., 895 F.2d 670, 674 (10th Cir. 1990) (in determining whether prejudgment interest should be awarded in breach of contract action under Kansas law, it is irrelevant that underlying liability disputed so long as amount of damages is certain); see also Matter of Midland Indus., Inc., 237 Kan. 867, 868, 703 P.2d 840, 842 (1985) (where amount due upon contract, either express or implied, and no uncertainty as to amount or date due, creditor is entitled to recover interest from due date).

damages because each purchase order (after acceptance by J-Loong) constituted a separate contract. The Court therefore rejects GFSI's argument that J-Loong's claim was not liquidated because GFSI had a right to set off its damages.[6] As to GFSI's second argument, the invoices do not reflect a specific due date. Under the Kansas UCC, unless otherwise agreed, "payment is due at the time and place at which the buyer is to receive the goods." K.S.A. § 84-2-310. Michael Lam, the financial controller of one of J-Loong's related companies, however, declares that "[a]ccording to J-Loong's payment terms with GFSI, payment was due to J-Loong thirty (30) days after the invoice date set forth on the invoice or according to L/C terms, at sight." See Declaration Of Michael Lam ¶ 7, attached as Exhibit 1 to Defendant's Memorandum (Doc. #51). In response, plaintiff states that it disputes that payments were due 30 days after the date of the invoices because the invoices do not set forth payment terms. See Plaintiff's Memorandum (Doc. #53) at 3. Even though the invoices do not specify a due date, plaintiff offers no evidence to dispute the fact that the parties agreed that payment was due 30 days after the date of each invoice. Because plaintiff offers no evidence to dispute the terms of this agreement, J-Loong's claims were liquidated 30 days after the date of each invoice. Accordingly, the Court sustains defendant's motion for summary judgment as to its counterclaim for prejudgment interest.

## III.   Certification Of Order Under Rule 54(b)

J-Loong, assuming that this order would completely resolve its counterclaim, asks the Court to certify the order for appeal under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b), Fed. R. Civ. P., provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct

---

[6]     The fact that GFSI disagrees with Kansas law is immaterial on this issue. See supra note 5.

the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Certification under Rule 54(b) is permissive.  See 10 Charles Alan Wright et al., Federal Practice & Procedure: Civil 3d § 2656 (1998) at 45.  "Despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions."  In re Integra Realty Res., Inc., 262 F.3d 1089, 1107 (10th Cir. 2001) (quoting 10 Charles Alan Wright et al., Federal Practice & Procedure: Civil 3d § 2656 (1998)).  "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."  United Bank of Pueblo v. Hartford Acc. & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976) (quotation and citation omitted).

The Court finds that certification of this order likely would lead to piecemeal litigation.  First, trial on plaintiff's claims in the case is scheduled to begin in less than one month.  After the Court has resolved plaintiff's claims, the parties may take one appeal as to any or all claims.  J-Loong has not shown that it will suffer any hardship or injustice because of the delay in entering final judgment in this matter.  For these reasons, the Court declines to certify for appeal this order.  See Goodyear, 7 F. Supp.2d at 960 (refusing to certify judgment in favor of plaintiff despite finding that defendant not entitled to set off under Ohio version of K.S.A. § 84-2-717).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment On Defendant's Counterclaim And For Certification Of Judgment Pursuant To Fed. R. Civ. P. 54(b) (Doc. #50) filed August 31, 2006 be and hereby is **SUSTAINED in part**.  The Court sustains defendant's motion for summary

judgment as to the liability of plaintiff on defendant's counterclaim and as to prejudgment interest on defendant's counterclaim.  The Court overrules defendant's motion to certify the ruling on defendant's counterclaim.

Dated this 6th day of December, 2006 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge